UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARTHUR T. DEMOULAS, <br> WILLIAM F. MARSDEN, <br> and D. HAROLD SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> GOLDMAN, SACHS & CO., <br><br> Defendant. | **COMPLAINT AND PETITION TO ENJOIN ARBITRATION COUNTERCLAIM** <br><br> **JURY TRIAL DEMANDED** |

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., Plaintiffs Arthur T. Demoulas ("Mr. Demoulas"), William F. Marsden ("Mr. Marsden"), and D. Harold Sullivan ("Mr. Sullivan") bring this action seeking an order enjoining Defendant Goldman, Sachs & Co. ("Goldman") from pursuing a counterclaim it has asserted in an arbitration against them. They state as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 1332. There is complete diversity and the amount in controversy exceeds $75,000.

2. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(a) and 9 U.S.C. § 1, et seq. A substantial part of the events or omissions giving rise to this complaint occurred in this district, which is also the district where the arbitration in which Goldman has asserted the counterclaim is to be held.

3. This Court has personal jurisdiction over Goldman. Goldman has had substantial contacts with the forum state, including acting as a broker for the Plan (defined below) and other

customers, thus satisfying the requirements of the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3.

## PARTIES

4. At all times relevant to this claim, Mr. Demoulas has resided in Lowell, Massachusetts and has been a citizen of Massachusetts.

5. At all times relevant to this claim, Mr. Sullivan has resided in Andover, Massachusetts and has been a citizen of Massachusetts.

6. At all times relevant to this claim, Mr. Marsden has resided in Hudson, New Hampshire and has been a citizen of New Hampshire.

7. Goldman is a New York limited partnership with its principal place of business in New York, New York. Its partners are The Goldman Sachs Group, Inc., a corporation organized under the laws of the State of Delaware, with its principal place of business located in New York, New York; and The Goldman Sachs & Co. L.L.C., a Delaware limited liability company with its principal place of business in New York. Goldman is accordingly a citizen of Delaware and New York for purposes of federal diversity.

## FACTUAL ALLEGATIONS

### The Customer Agreement Between Goldman and the Plan

8. Mr. Demoulas, Mr. Sullivan, and Mr. Marsden are co-trustees of The Demoulas Profit Sharing Plan & Trust Dtd. 3/27/63 (the "Plan").

9. The Plan is a profit sharing plan sponsored by Demoulas Super Markets, Inc., a Massachusetts corporation at all times relevant to this claim with a principal place of business located at 875 East Street, Tewksbury, Massachusetts. It has a restated effective date of April 2,

1989 and is organized under the United States Employee Retirement Income Security Act of 1974, as amended ("ERISA") and the Internal Revenue Code.

10. Goldman provided the Plan with investment advisory and brokerage services on multiple sub-accounts over many years through at least 2010.

11. Goldman and the Plan's relationship was governed in part by a collection of Account Agreements between Goldman and the Plan, including a Customer Agreement.

12. The Customer Agreement explicitly delineated the parties to it.

13. One party to the Customer Agreement was Goldman as well as "its present and future affiliates, and their respective partners, officers, directors, employees and agents."

14. The Customer Agreement defined the only other party to the Customer Agreement as being limited to the Plan itself, the "legal entity indicated in the title to the Account[s] and on whose behalf [the Account] Agreement" was signed.

15. The Customer Agreement also contained an Arbitration Clause, which, by its own terms, was only binding on the parties to the Customer Agreement as described above.

16. Mr. Demoulas, Mr. Sullivan, and Mr. Marsden were not parties to the Customer Agreement or the Arbitration Clause, nor are they bound by or liable under any such agreement or clause. They never agreed to submit any dispute between Goldman and themselves personally to arbitration in any forum. There is no contract or rule of law that requires them to submit to arbitration with Goldman.

17. Mr. Demoulas, Mr. Sullivan, and Mr. Marsden retain their rights to a judicial resolution of any claims they may have personally against Goldman and any claims that Goldman may have against them personally.

**Goldman's attempt to force the Plaintiffs
into arbitration without their consent**

18.     On or about November 9, 2010, the Plan and Mr. Demoulas, Mr. Sullivan, and Mr. Marsden, acting solely on behalf of the Plan as trustees of the Plan (collectively, "Claimants"), filed a Statement of Claim with the Financial Industry Regulatory Authority (FINRA Arbitration No. 10-05088), which was subsequently amended and corrected on or about December 14, 2010 ("Statement of Claim").  The Plan sought arbitration of federal securities fraud, common law fraud, state statutory fraud, and other claims against Goldman in connection with the Plan's purchase of preferred stock issued by the Federal Home Loan Mortgage Corporation ("Freddie Mac") in December 2007 and preferred stock issued by the Federal National Mortgage Association ("Fannie Mae") in May 2008.

19.     By filing the Statement of Claim on behalf of the Plan, the Trustees did not agree, explicitly or implicitly, to arbitrate claims against them in their individual or personal capacities.

20.     On or about March 8, 2011, Goldman answered the Statement of Claim, including a counterclaim for indemnification and contribution against Mr. Demoulas, Mr. Sullivan, and Mr. Marsden, seeking to recover from them individually and personally.

21.     Claimants answered Goldman's counterclaim on May 6, 2011.  In their Answer, the Claimants asserted that the counterclaim is not subject to arbitration.

22.     In addition to not being subject to arbitration under the terms of the Customer Agreement, Goldman's counterclaim was not proper because it is not subject to arbitration under the rules of FINRA, including but not limited to FINRA Rules 12200 and 12201.  Indeed, the counterclaim would be facially improper in any venue because it is asserted against non-parties to the arbitration.

23. The arbitration panel has been selected, and the arbitration will be held in Massachusetts. It is currently scheduled to begin in the Spring of 2012.

## COUNT I
## ENJOINMENT OF ARBITRATION COUNTERCLAIM

24. Paragraphs 1-23 are incorporated by reference as if fully stated herein.

25. Goldman seeks to force the Plaintiffs to arbitrate the counterclaim.

26. The Plaintiffs never agreed, implicitly or explicitly, to arbitrate any dispute between Goldman and themselves personally or individually. As a matter of law, they are not bound by or personally liable for the Plan's agreement to arbitrate with Goldman.

27. If Goldman is not enjoined from proceeding with its counterclaim against the Plaintiffs in arbitration, the Plaintiffs will be irreparably harmed. They will be deprived irretrievably of their rights to have such claims determined in a judicial forum and will bear the expense and burden of defending themselves in an arbitration proceeding to which they never agreed to submit.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Honorable Court:

(1) Enter judgment against Goldman and for Plaintiffs on Count I of the Complaint;

(2) Issue a preliminary and/or permanent injunction prohibiting Goldman from proceeding further with its arbitration counterclaim against the Plaintiffs personally or individually in FINRA Arbitration No. 10-05088 and requiring Goldman to dismiss the arbitration counterclaim.

(3) Award such other or further relief as the Court deems just and proper, including costs and reasonable attorneys fees and expenses as appropriate.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on any claims so triable.

                Respectfully submitted,

                ARTHUR T. DEMOULAS,
                D. HAROLD SULLIVAN, AND
                WILLIAM F. MARSDEN,

                By their attorneys:

                /s/David E. Marder
                David E. Marder, Esq. (BBO #552485)
                Christopher P. Sullivan, Esq. (BBO #485120)
                Eric S. Giroux, Esq. (BBO #665483)
                Robins, Kaplan, Miller & Ciresi L.L.P.
                800 Boylston St., 25th Floor
                Boston, MA 02199-7610
                Phone:  617-267-2300
                Fax:     617-267-8288
                cpsullivan@rkmc.com
                demarder@rkmc.com
                esgiroux@rkmc.com

Dated: August 1, 2011

35402238