UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-cv-11368-RWZ

ARTHUR T. DEMOULAS et al.

v.

GOLDMAN, SACHS & CO.

ORDER

March 7, 2012

ZOBEL, D.J.

Plaintiffs Arthur T. Demoulas, William F. Marsden, and D. Harold Sullivan bring this action under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., to enjoin defendant Goldman, Sachs & Co. ("Goldman") from pursuing a counterclaim against them in an arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA"). Before me are defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (Docket # 10), plaintiffs' motion for summary judgment (Docket # 14), and defendant's motion under Fed. R. Civ. P. 56(d) (Docket # 28).

**I. Relevant Background**

In evaluating Goldman's motion to dismiss, I consider the complaint, documents incorporated therein (either directly or by reference), matters susceptible to judicial notice, and matters of public record. Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008).

Plaintiffs are trustees of "The Demoulas Profit Sharing Plan & Trust Dtd.

3/27/63" ("the Plan").  Goldman provided the Plan with investment advisory and brokerage services.  The Plan's relationship with Goldman was governed by "a collection of Account Agreements," including a Customer Agreement that contained an arbitration clause. Docket # 1 ¶¶ 11, 15 (Complaint).[1]  Plaintiffs allege that they "were not parties to the Customer Agreement or the Arbitration Clause" and that "they never agreed to submit any dispute between Goldman and themselves personally to arbitration in any forum."  Id. ¶ 16.

In November 2010, plaintiffs filed a Statement of Claim with FINRA seeking "arbitration of federal securities fraud, common law fraud, state statutory fraud and other claims against Goldman" in connection with the Plan's purchase of Freddie Mac and Fannie Mae preferred stock in December 2007 and May 2008, respectively.  Id. ¶ 18. Upon filing with FINRA, each plaintiff signed a Submission Agreement which names the four claimants in the FINRA proceeding as the Plan and each of the plaintiffs "as Trustee of [the Plan]." Docket # 16 Ex. D.  The Submission Agreement also contains the following provision: "The undersigned parties . . . hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure." Id.  Plaintiffs allege that they "signed and filed [the Submission

---

[1] The Customer Agreement arbitration provision reads, in relevant part: "You agree that: (i) arbitration is final and binding on the parties; (ii) the parties are waiving their right to seek remedies in court, including the right to jury trial; . . . (b)You agree to settle by arbitration any controversy between you and [Goldman] arising out of or relating to this Agreement or your use of your Account."  Docket # 12 Ex. B at 9.

Agreement], solely on behalf of the Plan as its trustees and not in [their] individual capacities." Docket # 16 ¶ 7 (Demoulas Declaration). They filed an Amended and Corrected Statement of Claim on December 14, 2010.

On March 18, 2011, Goldman answered the Statement of Claim and included a counterclaim for "contribution and contractual indemnification." Docket # 31 Ex. C at 35, 38 (Goldman's FINRA Answer and Counterclaim). Plaintiffs answered the FINRA counterclaim on May 6, 2011, asserting, among other things, that it was not subject to arbitration and that they were not parties to the arbitration in their individual capacity. Docket # 17 Ex. C at 11-12 (Plaintiffs' Answer to Goldman's Counterclaim (excerpt)).

In August 2011, plaintiffs brought this action to enjoin Goldman from pursuing its FINRA counterclaim and require it to dismiss the same. They allege that Goldman's counterclaim seeks "to recover from them individually and personally," i.e., not in their capacity as trustees of the Plan. Docket # 1 ¶ 20. They further assert that the counterclaim is improper under FINRA Rules 12200 and 12201, among others. Id. ¶ 22. In lieu of an answer, Goldman moved to dismiss on the grounds that plaintiffs' claim is subject to arbitration and must be decided by FINRA arbitrators under FINRA's rules. On the same day that plaintiffs filed their opposition to Goldman's motion, they also moved for summary judgment. Goldman responded with a motion for additional discovery under Fed. R. Civ. P. 56(d). The FINRA arbitration is scheduled to begin on April 30, 2012.

## II. Analysis

"To survive a motion to dismiss, a complaint must contain sufficient factual

3

matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The facts pleaded must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

Here, plaintiffs' own pleadings, not to mention the documentary record, undermine the gravamen of their complaint. They allege that Goldman seeks to recover from them "individually and personally." Docket #1 ¶ 20. In their summary judgment filings, however, plaintiffs admit – as they must – that "Goldman's Answer and Counterclaim referred to Mr. Demoulas, Mr. Sullivan, and Mr. Marsden by their titles as trustees." Docket # 17 ¶ 6 (Marder Declaration)(emphasis added). The counterclaim itself is entitled: "Counterclaim Against Claimants Arthur T. Demoulas, William F. Marsden, and D. Harold Sullivan, as Trustees, for Contribution and Contractual Indemnification." Docket # 31 Ex. C at 35 (emphasis added). In identifying "The Parties" to the arbitration, the Answer and Counterclaim describes plaintiffs "upon information and belief" as, "at all relevant times, trustees of the Plan." Id. at 4. Indeed, at every turn – including in the twelve paragraphs that make up the counterclaim – Goldman's Answer and Counterclaim refers to plaintiffs ("claimants" in the FINRA arbitration) as "the Trustees."

Nevertheless, plaintiffs insist that Goldman's counterclaim is brought against them in their individual capacity. Their claim is based on the following assertions: (1) Their counsel "concluded that the allegations in the counterclaim could arguably be read to encompass Mr. Demoulas, Mr. Sullivan, and Mr. Marsden in their individual

4

capacities." Docket # 17 ¶ 6. (2) On May 23, 2011 their counsel "contacted counsel for Goldman by telephone to ask counsel to clarify whether Goldman intended to bring the counterclaim against [plaintiffs] as individuals . . . or as trustees. Goldman's counsel stated that Goldman's intent was to bring the counterclaim against [plaintiffs] as individuals." Id. ¶ 7. (3) On May 25, 2011, their counsel "emailed counsel for Goldman to confirm that Goldman was taking the position that it was asserting individual claims against [plaintiffs]." Id. ¶ 8. The record does not contain Goldman's response, if any.

For its part, Goldman attempts to have it both ways, claiming on the one hand that plaintiffs' "capacity" argument is "meaningless and irrelevant" and an "irrelevant red herring," Docket # 18 at 3-4, but, on the other hand, never denying plaintiffs' allegation that it is asserting its counterclaim against them in their individual capacity. Although Goldman coyly fails to address plaintiffs' main contention head on, its filings in support of its motion to dismiss strongly suggest that it brings its FINRA counterclaim against plaintiffs only in their capacity as trustees. See, e.g., id. at 4 ("Since Goldman Sachs's counterclaim against Plaintiffs arises entirely and exclusively out of their conduct as trustees, the individual versus fiduciary distinction that Plaintiffs attempt to rely on is meaningless and irrelevant."); id. ("Such a 'capacity' distinction is especially specious where the heart of the controversy between the parties is whether Plaintiffs – in their capacity as trustees – acted appropriately with respect to investment decisions that they – in their capacity as trustees – had sole responsibility for and authority over."); id. at 10 ("Finally, as noted above, Goldman Sachs is not seeking to interject an unrelated dispute between it and Plaintiffs into the arbitration; its counterclaim arises

5

out of Plaintiffs' breach of fiduciary duties in their capacity as trustees.").

Despite allegations in plaintiffs' complaint to the contrary, the record before me only reasonably permits the inference that Goldman's FINRA counterclaim is brought against plaintiffs in their capacity as trustees. It is undisputed that each plaintiff, in his capacity as trustee, is a party to the FINRA proceedings; thus, the merits of the counterclaim should be considered by the FINRA arbitrators.

## III. Conclusion

For the aforementioned reasons, Defendant's Motion to Dismiss (Docket # 10) is ALLOWED. Plaintiffs' Motion for Summary Judgment (Docket # 14), and defendant's responsive motion under Fed. R. Civ. P. 56(d) (Docket # 28) are DENIED AS MOOT. Plaintiffs' Motion for Leave to File a Sur-Reply in Opposition to Defendant's Motion to Dismiss (Docket # 24) is ALLOWED, reluctantly. The docket shall reflect that Defendant's Emergency Motion for a Scheduling Conference and a Stay of Goldman's Response Period to Plaintiff's Motion for Summary Judgment (Docket # 26) were ALLOWED IN PART and DENIED IN PART at the scheduling conference held on November 15, 2011.

|  |  |
|---|---|
| March 8, 2012 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |